**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JAMES A. PAONE, as court appointed receiver of the property of DEBORAH PECK, | : : : : | CIVIL ACTION NO. 13-1059 (MLC) |
| Plaintiff, | : : | **O P I N I O N** |
| v. | : : | |
| GEORGE C. PECK, et al., | : : | |
| Defendants. | : : | |

**THIS ACTION** was removed from New Jersey state court pursuant
to 28 U.S.C. § ("Section") 1332.  (See dkt. entry no. 1, Notice Of
Removal; see also id., Ex. A, Compl.)  This Court will transfer
this action to the United States District Court for the Southern
District of Florida.

**BACKGROUND**

Frederik Cornelis Komen secured a monetary judgment in New
Jersey Superior Court, Monmouth County ("Monmouth Superior")
against Deborah Peck on July 11, 2011 ("July 2011 Judgment").
(See Compl., Ex. A, 11-4-11 Am. J. at 1-2 (referring to July 2011
Judgment).)  The July 2011 Judgment "remains in effect, and
continues to be enforceable according to its terms".  (Id. at 2.)

When Deborah Peck did not satisfy the July 2011 Judgment,
Monmouth Superior — upon Komen's motion — named James A. Paone as
receiver of New Jersey property in which Deborah Peck has an
ownership interest to aid Komen "in executing [the July 2011]

[J]udgment", by an order dated October 10, 2012 ("State Appointment Order").  (Compl., Ex. B, 10-10-12 Order at 1; see dkt. entry no. 8, Fasano Certification, Ex. B, 6-13-12 Komen Br. In Supp. Of Mot. For Post-J. Relief In Aid Of Execution.)  New Jersey statutory law generally authorizes New Jersey state courts to appoint and oversee a receiver to aid in the execution of their outstanding judgments.  See N.J.S.A. §§ 2A:17-65, 2A:17-66, 2A:17-67.  Accordingly, in view of the State Appointment Order, Paone (1) is under the authority and direction of Monmouth Superior in pursuing the July 2011 Judgment, and (2) must "make report in writing to the court".  N.J.S.A. § 2A:17-68.[1]

Paone then brought this action against George C. Peck and Deborah Peck, seeking sale of a parcel of their real estate pursuant to N.J.S.A. § 2A:56-2, with Deborah Peck's share of the proceeds to go toward satisfaction of the July 2011 Judgment. (See Compl. at 2-3.)  But George C. Peck challenges the validity of the July 2011 Judgment, asserting that "[n]either [Paone] nor . . . Komen hold a valid and enforceable judgment lien against the interest of George C. Peck in one half of the subject Property, and therefore may not sell George C. Peck's interest to satisfy the obligation of any co-tenant without the affirmative consent

[1]  See Colozzi v. Bevko, Inc., 17 N.J. 194, 199 (1955) (describing statutory process by which New Jersey state courts restrain party obligated by judgment from transferring or assigning property, in order to assist judgment holder in collecting on New Jersey state court judgment).

of George C. Peck, which consent has been continuously withheld".
(Notice Of Removal, Ex. B, Answer of George C. Peck at 2.)

## BANKRUPTCY MATTERS

Deborah Peck is not seeking bankruptcy protection, but is named in several proceedings in the United States Bankruptcy Court for the Southern District of Florida ("Florida Bankruptcy Court"). In In re CLSF III IV, Inc., she is named as an interested party, as she is the incorporator, sole officer, and registered agent of the debtor entity therein.  See Bankr. S.D. Fla. No. 12-30081, dkt. entry no. 23, Notice; id., dkt. entry no. 144, Notice.  By an order dated January 22, 2013, the Florida Bankruptcy Court preliminarily enjoined her from selling or transferring assets that might be subject to oversight in that bankruptcy proceeding. Id., dkt. entry no. 145, 1-22-13 Order at 5.

In Menotte v. Behl Corp., which is an adversarial proceeding, Deborah Peck is named as a defendant and is alleged to have engaged in fraud concerning the debtor entity in In re CLSF III IV, Inc.  See Bankr. S.D. Fla. No. 12-1889, dkt. entry no. 1, Compl.  The Florida Bankruptcy Court preliminarily enjoined her from selling or transferring assets that might be subject to oversight by the Florida Bankruptcy Court by an order dated September 25, 2012 ("September 2012 Bankruptcy Injunction Order").  Id., dkt. entry no. 40, 9-25-12 Order.  The Florida Bankruptcy Court stated in the September 2012 Bankruptcy

Injunction Order that "[a] person or entity who claims a right, title, or interest in property subject to the injunctions imposed by . . . this Order that asserts that such right, title, or interest is improperly impaired by this Order may apply to this [Bankruptcy] Court to lift the Injunction regarding such identified property or property interests". Id. at 6.  The Florida Bankruptcy Court thereafter permanently enjoined Deborah Peck from selling or transferring assets that might be subject to its oversight.  Id., dkt. entry no. 105, 3-13-13 Order at 4.

In Van Egmond v. Peck, which is an adversarial proceeding, Deborah Peck is named as a defendant and is alleged to be an interested party in yet another bankruptcy proceeding.  See Bankr. S.D. Fla. No. 13-1123, dkt. entry no. 4, Am. Compl.

Deborah Peck and George C. Peck, as the removing defendants, have violated the Local Civil Rules by failing to specifically notify this Court about the bankruptcy proceedings.  See L.Civ. R. 11.2 (stating party must certify whether matter in controversy is subject of any other action pending in any court, and, if so, party must identify each such action and all parties thereto). But the record before this Court contains a letter brief filed by Deborah Peck in Monmouth Superior, wherein she points out (1) the bankruptcy proceedings, (2) the September 2012 Bankruptcy Injunction Order, and (3) that the State Appointment Order would improperly direct a receiver "to take control over the same

personal and business property that is effected by the Court

Order in the Bankruptcy Court in Florida".  (Dkt. entry no. 14,

Grant Certification, Ex. B, 9-19-12 Letter Br. at 2.)  Also, the

State Appointment Order is annexed to the Notice Of Removal, and

it states that Monmouth Superior:

> is aware of the [September 2012 Bankruptcy Injunction
> Order].  This Order is not intended to conflict with or
> supersede the [September 2012 Bankruptcy Injunction
> Order].  The Receiver shall comply with the [September
> 2012 Bankruptcy Injunction Order] including but not
> limited to [the portion] thereof, regarding assets that
> were or may have been improperly impaired by the
> [September 2012 Bankruptcy Injunction Order].

(10-10-2012 Order at 3.)  This Court is uncertain whether the

parties made Monmouth Superior aware of other orders issued by

the Florida Bankruptcy Court.

### TRANSFER

The issues presented in this action are intertwined with the

aforementioned bankruptcy proceedings.  Also, whether the State

Appointment Order "conflict[s] with" the orders of the Florida

Bankruptcy Court must be determined by that court, not by

Monmouth Superior.  This Court will thus transfer the claims

asserted in this action to the United States District Court for

the Southern District of Florida, with the assumption that it

will then refer the claims to the Florida Bankruptcy Court.  See

28 U.S.C. § 157(a) (stating "district court may provide that any

or all cases under title 11 and any or all proceedings arising

under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district"); 28 U.S.C. § 1409(a) (stating "proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending"); 28 U.S.C. § 1412 (authorizing transfer of bankruptcy-related action to another district court); Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1212 (3d Cir. 1991) (stating district court should transfer claim to proper district court, and then proper district court refers claim to the overseeing bankruptcy court); see also Alderwoods Grp. v. Garcia, 682 F.3d 958, 973 (11th Cir. 2012) (directing transfer of action to proper district court, and then "that court may refer it to the . . . Bankruptcy Court").

The extent of the Florida Bankruptcy Court's authority over these claims depends on whether this action is a "core proceeding" or a "non-core proceeding".  28 U.S.C. § 157(b)(1)-(4); see 28 U.S.C. § 157(b)(1) (stating bankruptcy court may enter orders in core proceeding); 28 U.S.C. § 157(c)(1) (stating bankruptcy court makes proposed findings of fact and conclusions of law in non-core proceedings, and final order is entered by district court after considering same); see Mullarkey v. Tamboer (In re Mullarkey), 536 F.3d 215, 220-21 (3d Cir. 2008) (discussing bankruptcy court's authority).  Such a determination should be made by the Florida Bankruptcy Court upon referral of this action.  See 28 U.S.C. §

157(b)(3) (stating bankruptcy court determines whether matter is core proceeding); <u>Certain Underwriters At Lloyd's Of London v. Otlowski</u>, No. 08-3998, 2009 WL 234957, at *2 (D.N.J. Jan. 29, 2009) (stating "Section 157(b)(3) calls for the bankruptcy judge to make the initial decision on whether a case is a core proceeding, and its language is not ambiguous"); <u>E. W. Trade Partners v. Sobel WP (In re E. W. Trade Partners)</u>, No. 06-1812, 2007 WL 1213393, at *3-4 (D.N.J. Apr. 23, 2007) (same); <u>see also</u> <u>Mickler v. Trujillo (In re Trujillo)</u>, 485 B.R. 797, 805 (M.D. Fla. 2013) (same).

## ABSTENTION

If the Florida Bankruptcy Court finds that it has no jurisdiction over the claims in this action, and if this action is transferred back here, then this Court intends to abstain from exercising jurisdiction and to remand this action to Monmouth Superior.  This Court is inclined to abstain because:  (1) the action underlying the July 2011 Judgment is ongoing, as that judgment (a) has not been satisfied, (b) "remains in effect, and continues to be enforceable", and (c) is subject to challenge by George C. Peck; (2) the important interest that New Jersey and its courts have in enforcing state court judgments — particularly through separate proceedings that are creatures of New Jersey law — is implicated; and (3) there is an adequate opportunity to raise federal claims in state court.  <u>See</u> <u>Middlesex Cnty. Ethics</u>

Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971); see also Adams v. Lynn, 472 Fed.Appx. 125, 128 (3d Cir. 2012) (abstaining in action where plaintiff "plainly seeks enforcement of [an] order" issued in an earlier action brought in state court); Anthony v. Council, 316 F.3d 412, 421-22 (3d Cir. 2003) (stating abstention is proper when post-judgment proceedings are involved, given importance to states of enforcing judgments entered by their courts).  In this action removed under Section 1332, this Court should refrain from intruding upon New Jersey's "sovereign prerogative".  Bath Unltd. v. Ginarte, O'Dwyer, Winograd & Laracuente, No. 04-3919, 2005 WL 2406097, at *3 (D.N.J. Sept. 29, 2005) (discussing La. Power & Light Co. v. City of Thibodaux, 360 U.S. 25 (1959)).  The New Jersey state courts would recognize (1) the action underlying the July 2011 Judgment as being pending until that judgment is satisfied, and (2) their authority to appoint and oversee Paone to enforce that judgment as an important state interest.  See First Nat'l State Bank Of N.J. v. Kron, 190 N.J.Super. 510, 512-16 (App.Div. 1983) (discussing same).

   The Court, for good cause appearing, will issue an appropriate order.


                                   s/ Mary L. Cooper
                                **MARY L. COOPER**
                                United States District Judge

Dated:  May 28, 2013