NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| JAMES A. PAONE, as court appointed receiver of the property of DEBORAH PECK, | : : : : | CIVIL ACTION NO. 13-1059 (MLC)<br><br>**MEMORANDUM OPINION** |
| Plaintiff, | : : | |
| v. | : : | |
| GEORGE C. PECK, et al., | : : | |
| Defendants. | : : | |

**THIS ACTION** ("Paone Action") was removed from New Jersey Superior Court, Monmouth County ("Monmouth Superior") pursuant to 28 U.S.C. § 1332.  (See dkt. entry no. 1, Notice of Removal; see also dkt. entry no. 1-1, Compl.)  This Court transferred the Paone Action to the United States District Court for the Southern District of Florida ("Florida District Court") for referral to the United States Bankruptcy Court for the Southern District of Florida ("Florida Bankruptcy Court"), as the Paone Action appeared to be related to several bankruptcy matters pending there ("Initial Bankruptcy Matters"). (See dkt. entry no. 27, 5-28-13 Order; see also dkt. entry no. 26, 5-28-13 Op.)  This Court assumes that the parties are familiar with the facts of the Paone Action and this Court's full reasoning for the transfer.  (See 5-28-13 Op. at 1-7.)

**THE FLORIDA DISTRICT COURT** then transferred the Paone Action back to this Court, as the Florida Bankruptcy Court referred the Paone Action back to the Florida

District Court upon determining that the Paone Action neither was related to, nor interfered with orders issued in, the Initial Bankruptcy Matters.  See Civil Action No. 13-7570, dkt. entry no. 42, 12-6-13 Florida District Court Transfer Order; see also id., dkt. entry no. 38, 10-9-13 Florida Bankruptcy Court Order.[1]

**DEBORAH PECK** has now personally petitioned for bankruptcy relief in the Florida Bankruptcy Court ("Peck Bankruptcy Action").  (See dkt. entry no. 30, 3-20-14 Suggestion of Bankruptcy.)  See Petition, In re Deborah Catherine Peck, Bankr. S.D. Fla. No. 14-14507 ("Peck Bankruptcy"), ECF No. 1 (Feb. 26, 2014).  The interested parties from the Paone Action have been notified of the Peck Bankruptcy Action.  Id. at 9-11 (noting George Peck, Frederik Cornelis Komen, and James Paone have been notified); see also Schedule F, Peck Bankruptcy, ECF No. 28 at 33, 35, 37 (Mar. 24, 2014) (listing George Peck, Frederik Cornelis Komen, and James Paone among creditors holding unsecured nonpriority claims); see also Statement of Financial Affairs, Peck Bankruptcy, ECF No. 28 at 269, 270 (Mar. 24, 2014) (listing Paone Action and the underlying action brought by Frederik Cornelis Komen in Monmouth Superior).

**AN ACTION** is "related to" bankruptcy if the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.  Nuveen Mun. Trust v. Withumsmith Brown, P.C., 692 F.3d 283, 293-94 (3d Cir. 2012); see In re

---

[1] Civil Action No. 13-7570 has been consolidated into Civil Action No. 13-1059.  (See dkt. entry no. 31, 5-27-14 Order.)

Combustion Eng'g, 391 F.3d 190, 226 (3d Cir. 2004).  Furthermore, an action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action — either positively or negatively — and in any way could impact the estate's handling and administration; the entire action need not be against the debtor or the debtor's property only.  See In re Resorts Int'l, 372 F.3d 154, 164 (3d Cir. 2004).

**A DISTRICT COURT** "may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties".  28 U.S.C. § 1412; see also 28 U.S.C. § 1409(a) (stating "proceeding arising under title 11 or arising in or related to a case under title 11 may be commenced in the district court in which such case is pending"); Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1212 (3d Cir. 1991) (stating district court must transfer claim to proper district court, and then proper district court refers claim to the overseeing bankruptcy court); 28 U.S.C. § 157(a) (stating "district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district").  The forum where the bankruptcy case is pending is the proper venue for actions related to that case.  See Hohl v. Bastian, 279 B.R. 165, 177 (W.D. Pa. 2002); Krystal Cadillac-Oldsmobile-GMC Truck v. Gen. Motors Corp., 232 B.R. 622, 627 (E.D. Pa. 1999).

**THE ISSUES** presented in the Paone Action are hopelessly and unquestionably intertwined with the Peck Bankruptcy Action.  This Court is thus compelled once again to

transfer the claims asserted in the Paone Action to the Florida District Court for referral to the Florida Bankruptcy Court.  See Alderwoods Grp. v. Garcia, 682 F.3d 958, 973 (11th Cir. 2012) (directing transfer of action to proper district court, and then "that court may refer it to . . . Bankruptcy Court").  The Florida Bankruptcy Court must determine how and to what extent the claims in the Paone Action will affect (1) the bankruptcy estate, (2) the efficient administration of that estate, and (3) asset distribution.  See 28 U.S.C. § 1412; Hohl, 279 B.R. at 178.

The extent of the Florida Bankruptcy Court's authority here depends on whether the Paone Action is a "core proceeding" or a "non-core proceeding".  28 U.S.C. § 157(b)(1)-(4); see also 28 U.S.C. § 157(b)(1) (stating bankruptcy court may enter orders in core proceeding); 28 U.S.C. § 157(c)(1) (stating bankruptcy court makes proposed findings of fact and conclusions of law in non-core proceedings, and final order is entered by district court after considering same); Mullarkey v. Tamboer (In re Mullarkey), 536 F.3d 215, 220-21 (3d Cir. 2008) (discussing bankruptcy court's authority).  Such a determination must be made by the Florida Bankruptcy Court upon referral of the Paone Action.  See 28 U.S.C. § 157(b)(3) (stating bankruptcy court determines whether matter is core proceeding); Certain Underwriters at Lloyd's of London v. Otlowski, No. 08-3998, 2009 WL 234957, at *2 (D.N.J. Jan. 29, 2009) (stating "Section 157(b)(3) calls for the bankruptcy judge to make the initial decision on whether a case is a core proceeding, and its language is not ambiguous"); E. W. Trade Partners v. Sobel WP (In re E. W. Trade

4

Partners), No. 06-1812, 2007 WL 1213393, at *3-4 (D.N.J. Apr. 23, 2007) (same); see also Mickler v. Trujillo (In re Trujillo), 485 B.R. 797, 805 (M.D. Fla. 2013) (same).

**THE COURT** must transfer the Paone Action to the Florida District Court immediately, as time is of the essence in view of the ongoing Peck Bankruptcy Action. For good cause appearing, the Court will issue an appropriate order.[2]

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: May 27, 2014

---

[2] If the Paone Action is transferred back to this Court again, then this Court reminds the parties that it intends to abstain from exercising jurisdiction and to remand the Paone Action to Monmouth Superior. (See 5-28-13 Op. at 7-8.)